DECISION AND JOURNAL ENTRY
Appellants, The Franklin Life Insurance Company, The American Franklin Life Insurance Company, Franklin Financial Services Corporation, and Clyde Benninghoff, appeal the decision of the Summit County Court of Common Pleas denying their motion to compel arbitration and to stay or dismiss the appellee's complaint. We affirm.
 I.
On April 22, 1986, appellee, Jamie McGarry, completed a Uniform Application for Securities Industry Registration or Transfer, also known as Form U-4. Page four of Form U-4 contained a paragraph which read "I agree to arbitrate any dispute, claim or controversy that may arise between me and my firm, or a customer, or any other person, that is required to be arbitrated under the rules, constitutions, or by-laws of the organizations with which I register, as indicated in item 10 as may be amended from time to time." Item 10 of Form U-4 indicated that the appellee was to be registered with the National Association of Securities Dealers ("NASD").
On December 1, 1995, appellee entered into a contract with appellants, The Franklin Life Insurance Company and The American Franklin Life Insurance Company. The 1995 contract constituted an agency agreement between said parties, setting forth the duties and obligations of each. The 1995 contract, at paragraph 11, provided as follows:
 This contract constitutes the entire Agreement between the parties and shall be effective as of the 1st day of December, 1995, and cannot be modified by any prior or subsequent oral or written promise or statement by whomsoever made. No supplement to this contract shall be binding upon the Company unless and until it has been approved and executed in writing on behalf of the Company at the Home Office by its President or Vice President and by its Secretary or Agency Secretary.
 The contract also provided at paragraph 10 that it was to be "governed by and construed under the laws of the State of Illinois."
On August 25, 1998, appellee filed a complaint in the Summit County Court of Common Pleas against the appellants, alleging breach of contract, intentional procurement of breach of said contract, defamation and tortious interference with business relationships. On October 20, 1998, appellants filed a motion to compel arbitration and to stay or dismiss the action, arguing that the arbitration language contained in Form U-4 required the parties to arbitrate the dispute. On November 6, 1998, appellee responded in opposition to defendants' motion to compel arbitration. On November 17, 1998, appellants filed a motion for leave to file a reply brief in support of their motion to compel arbitration instanter. The trial court granted them leave on November 23, 1998. On December 18, 1998, the trial court issued a judgment order in which it denied appellants' motion to compel arbitration. This appeal followed.
 II.
Appellants assert two assignments of error. We will discuss them together to facilitate review.
 A. First Assignment of Error The Trial Court Erred In Finding That Plaintiff Did Not Agree To Arbitrate Disputes With These Defendants.
 B. Second Assignment of Error The Trial Court Erred In Ruling That An Integration Clause In Another Contract Bars Plaintiff's Agreement With The NASD To Arbitrate Disputes With His "Firm * * * Or Any Other Person."
The integration clause contained in the agency contract between The Franklin Life Insurance Company and The American Franklin Life Insurance Company provides that the 1995 contract comprises the entire agreement by and between the parties, and specifically provides that said contract "* * * cannot be modified by any prior or subsequent oral or written promise or statement by whomsoever made." The 1995 contract does not contain an arbitration provision.
The 1995 contract also provides that Illinois law is controlling. The court in the case of La Throp v. Bell FederalSavings Loan Association (Ill. 1977), 370 N.E.2d 188, 192 held that "[w]hen the terms of a contract are plain, the instrument itself is the only source of intent of the parties." It is only when an ambiguity exists concerning a term or terms of the contract that the meaning may be derived from extrinsic sources.Id. The language of the contract in the case sub judice is clear and unambiguous. It clearly states that it comprises the entire agreement by and between the parties, and that it cannot be modified by prior or subsequent agreements by whomsoever made; further, it contains no arbitration provision.
In addition, the contract is clearly an adhesion contract prepared by The Franklin Life Insurance Company and The American Franklin Life Insurance Company, and must therefore, be construed strictly against them. Finally, if the Franklin Life Insurance Company and The American Franklin Life Insurance Company desired to have disputes between themselves and their agents decided by arbitration, they very easily could have included an arbitration provision in the agency contract. Hence, we find that the parties are not entitled to arbitration, and the trial court correctly denied the appellants' motion to compel arbitration.
Although appellants Franklin Financial Services Corporation and Clyde Benninghoff are not parties to the 1995 contract, they are also not entitled to arbitration of the claims herein. Section 10101 of the NASD Manual Code of Arbitration Procedure sets forth those matters which are eligible for submission to arbitration, and specifically excludes disputes involving the insurance business of any member which is also an insurance company. The uncontroverted evidence in the record before us reveals that "the vast majority of the business [appellee] conducted on the behalf of the Franklin Defendants pursuant to this agency agreement concerned the marketing, sale and servicing of insurance products." Further, the subject of the contract, the breach of which is the basis of appellee's lawsuit, is an agency to sell insurance. As such, we conclude that this matter is exempted from arbitration pursuant to the insurance exception of the NASD Manual Code of Arbitration. Accordingly, appellants' assignments of error are overruled.
 III. Appellants' assignments of error are overruled. The judgmentof the Summit County Court of Common Pleas is affirmed.
 Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellants. Exceptions.
 _____________________________________ WILLIAM G. BATCHELDER, FOR THE COURT.
WHITMORE, J. CONCURS.
CARR, P.J. CONCURS IN JUDGMENT ONLY.